**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5114**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

THURSTON SANDERS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Benson Everett Legg, District Judge. (1:09-cr-00251-BEL-1)

Submitted:  October 14, 2011          Decided:  October 27, 2011

Before MOTZ, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Meghan S. Skelton, Staff Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Justin S. Herring, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thurston Sanders appeals his convictions for armed bank robbery and using a firearm during a crime of violence. On appeal, he challenges the introduction of bait money registers, asserting that admission of these documents violated the Confrontation Clause. He also contends that an out-of-court identification was erroneously admitted at trial. We affirm.

Sanders first asserts that bait money registers are testimonial under the Sixth Amendment, as explained by Crawford v. Washington, 541 U.S. 36 (2004), because they record past facts and are required by law enforcement to assist in the investigation and prosecution of bank robberies. Thus, Sanders contends that the admissibility of the registers is governed by the Confrontation Clause, and they are inadmissible absent witness unavailability and a prior opportunity for cross-examination. Id. at 68. We decline to address this issue, as we find that any error by the district court was harmless.

Constitutional trial errors are harmless only if the reviewing court is "able to declare a belief that [the error] was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24 (1967). When the error involves wrongly admitted evidence, "the impact of the error can be evaluated in light of the other evidence which was properly admitted."

2

United States v. Blevins, 960 F.2d 1252, 1262 (4th Cir. 1992). To determine whether the admission of the registers was harmless beyond a reasonable doubt, we review the entire trial record and determine whether "it is clear beyond a reasonable doubt that the jury would have returned [a guilty] verdict[]" even if the evidence had not been introduced. Id. at 1263. This determination requires a quantitative assessment of the impact of the error measured against the other evidence presented and a qualitative assessment of the proof as to whether the erroneously admitted evidence was cumulative. Id. at 1262; Brown v. United States, 411 U.S. 223, 231 (1973).

We conclude that any error was harmless beyond a reasonable doubt. The bait bill register was introduced to prove that the money found in Sanders' hotel room came from the bank. There was overwhelming other evidence that the money in Sanders' room was from the robbery. Specifically, the GPS tracker packs taken with the money from the bank were found with the money in the hotel room. Further, the police also found firearms (including one used in the robbery) and costume items worn by the robber in Sanders' hotel room. In addition, the robber was seen leaving the bank and heading toward the hotel, where Sanders was found alone in a room containing the above-described evidence of the robbery.

In his reply brief, Sanders contends that the bait money registers might reasonably have contributed to his convictions, especially given that the Government highlighted the registers in closing argument. Nonetheless, we find that there is no reasonable probability that the evidence complained of contributed to the convictions. The GPS trackers taken from the bank were found with the money in the hotel room, the money was hidden in the ceiling, the amount of the money stolen was very similar to the amount recovered, and Sanders was tracked from the bank to the hotel room. Accordingly, we easily conclude (and, we emphasize, without determining whether there was error at all) that any Confrontation Clause error was harmless.

Regarding Sanders' identification claim, we have reviewed the briefs and record in the case, and we find no reversible error. Accordingly, we affirm for the reasons stated by the district court. (See J.A. at 190-92). Based on the foregoing, we affirm Sanders' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4